standing of the court, expressed on the trial, that defendant's negligence was a question of fact for the jury, and not a question for the court to pass upon.

The order of the county court in setting aside the verdict is reversed, with $10 costs and disbursements, and the verdict is reinstated. All concur, except SMITH, J., who dissents.

---

### SCHOLZ v. NEW YORK & H. R. CO.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

Modification of opinion. For former opinion, see 74 N. Y. S. 1146.

Argued before VAN BRUNT, P. J., and O'BRIEN, McLAUGHLIN, and LAUGHLIN, JJ.

PER CURIAM. In the announcement of the decision of this court in this case, made on the 20th of December, 1901, there was an error. It should have been: "Judgment modified by reducing the amount awarded for fee damage to $1,200, and by reducing the judgment for rental damage, costs, allowances," etc., "to the sum of $855.73, and, as so modified, affirmed, without costs to either party." Ordered accordingly.

---

### WALTER et al. v. MEADER.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. MUNICIPAL CORPORATIONS—CHIEF OF FIRE DEPARTMENT—FAILURE TO ATTEND FIRE—NEGLIGENCE—EVIDENCE.

In an action by the owners of a house which was destroyed by fire against the chief of a fire department for damages sustained from defendant's alleged negligence in failing to have the fire department present at the fire, there was evidence that there was a well near the house, but no bucket, chain, or rope; that there was a creek about 200 feet away, but no pails or buckets to carry water in. It did not appear that there were any water mains or other water supply in the vicinity, adapted to the use of the apparatus of the fire department; and there was evidence negativing presumptions of negligence and of defendant's ability to extinguish the fire, even if he had been present. *Held*, that the evidence was insufficient to show any actionable neglect on defendant's part.

2. EVIDENCE—DEFENDANT'S ANSWER—INTRODUCTION BY PLAINTIFF—EFFECT.

Where plaintiff introduces as a part of his evidence defendant's verified answer, all statements of facts therein not controverted or disputed by other evidence must be taken to be true.

Appeal from trial term, Madison county.

Action by Julia A. Walter and another against Laurel E. Meader. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

The allegations of the complaint are, in substance, that plaintiffs were the owners of a house in the village of Oneida worth $700; that in April, 1897, it was destroyed by fire; that the village of Oneida was incorporated as such by chapter 620 of the Laws of 1894, and was empowered to main-